IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE, KENTUCKY

FILED
05 SEP 19 PM 4:22

| | |
|---|---|
| John W. Curd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05CV531-R |
| ) | |
| CSX Transportation, Inc., ) | TRIAL BY JURY DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, John W. Curd, by and through his attorneys, James T. Foley and Hoey & Farina, and for his complaint against Defendant, CSX Transportation, Inc., hereinafter (CSXT) states as follows:

1. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, Title 45 U.S. Code sec. 51 et seq.

2. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code Sec. 56 and Title 28 U.S. Code sec. 1331.

3. On February 8, 2004 and at all pertinent times, Defendant CSXT was and is a railroad corporation doing business in the State of Kentucky.

4. On February 8, 2004, Defendant CSXT owned and operated a railroad in interstate commerce.

5. On February 8, 2004, and at all pertinent times, Defendant CSXT owned, managed, maintained and used as a portion of its railroad system, a facility known as the Worthfield Yard in or around Carrollton, Kentucky.

6. On February 8, 2004, Plaintiff was employed by the Defendant CSXT as a conductor in the train service department.

7. On February 8, 2004, Plaintiff was performing work for Defendant CSXT in connection with, or in furtherance of, Defendant's business of interstate commerce of transportation.

8. In the course of his duties as a conductor for the Defendant on February 8, 2004, Plaintiff was required to couple cars and connect air hoses.

9. In the course of his duties as a conductor on February 8, 2004, Plaintiff was not responsible to maintain, or otherwise dress, the ballast in the walkway along said track at or around the facility known as the Worthfield Yard in or around Carrollton, Kentucky.

10. On February 8, 2004, while in the process of coupling cars and making an air hose, Plaintiff was required to walk along the tracks in an area of uneven ballast, exposed ties, and debris laden ground where no safe and/or stable footing existed, and which caused Plaintiff to sustain serious injury.

11. It was the continuing duty of the Defendant, CSXT, as employer at the time and place in question, to use ordinary care under the circumstances in furnishing Plaintiff with a reasonably safe place to work, and to keep such place of work in a reasonably safe condition.

12. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

    a) Failed to adopt, install, implement and enforce a safe method and procedure for the described operation;

    b) Failed to properly inspect, maintain and process its roadbed, ballast and properties so that the same became hazardous to the safe footing of its employees;

    c) Failed to properly dress its roadbed so as to avoid a tripping hazard in Plaintiff's work area;

    d) Failed to properly warn plaintiff that there was a tripping hazard in his work area;

    e) Failed to properly illuminate plaintiff's work area;

    f) Negligently and carelessly caused unsecured ballast, debris, gapping holes and exposed ties to surround an area that Defendant knew Plaintiff was required to work in;

    g) Negligently and carelessly failed to remove debris, uneven and large ballast from the vicinity of the track and roadbed where Defendant knew Plaintiff was required to work;

    h) Negligently and carelessly failed to secure roadbed adjacent to a watershed, bog, and/or stream bed in order to prevent said roadbed where Defendant knew Plaintiff was required to work from becoming unstable and a footing hazard;

    i) Violated certain regulations, standards and requirements in force in the Defendant's own safety standards for roadbeds;

    j) Violated certain regulations, standards and requirements in force or prescribed by the Secretary of Transportation through the F.R.A.; and

    k) Was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

13. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

14. As a consequence Plaintiff incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a

further result, Plaintiff has and will in the future be kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; as a further medical, hospital and related expenses in the future.

15. Plaintiff demands a trial by jury.

Wherefore Plaintiff, John W. Curd, demands judgment in his favor and against the Defendant, CSX Transportation, Inc., in a sum of $1,000,000.00, plus the costs of this suit.

_____
Attorney for Plaintiff

James T. Foley
Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212

4